# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2009

Charles R. Fulbruge III
Clerk

No. 09-50165
Summary Calendar

MARCOS LUEVANO

Plaintiff–Appellant

v.

PAULA GEYER; COUNTY OF UVALDE, TEXAS

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-cv-11

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marcos Luevano ("Appellant") appeals the district court's dismissal of his 28 U.S.C. § 1983 claim brought on behalf of his daughter Marina Luevano against Uvalde County Deputy Sheriff Paula Geyer.[1]  Geyer's roommate was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Appellant originally brought suit in Texas state court, also pleading several claims under Texas law.  The Defendants removed to federal district court.  After dismissing Appellant's § 1983 claim, the district court declined to exercise supplemental jurisdiction over the remaining Texas law claims under 28 U.S.C. § 1367(c)(3) and remanded to state court. Appellant does not appeal the remand.

Marina's non-custodial parent. Geyer allegedly left her service shotgun—loaded, unsecured, and off-safety—in her bedroom while on duty, even though she knew that Marina and her brother were visiting at the time. While Geyer was on duty, her roommate's son took the shotgun from Geyer's room and accidentally fired it, killing Marina. Appellant sued Geyer for a violation of Marina's constitutional rights. Invoking the "state-created danger" theory of due process, Appellant asserted that Geyer had created or exacerbated a dangerous situation that ultimately caused his daughter's death. The district court granted Geyer's motion to dismiss based on qualified immunity, and this appeal followed.

We review a district court's grant of a Rule 12(b)(6) motion *de novo*, accepting all well-pleaded facts as true and review those facts in the light most favorable to the plaintiff. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 284 (5th Cir. 2009). We apply a two-prong test to determine the applicability of qualified immunity: (1) whether the plaintiff has alleged a violation of a clearly established federal constitutional or statutory right; and (2) whether the official's conduct was objectively reasonable in light of the clearly established legal rules at the time of the alleged violation. *Beltran v. City of El Paso*, 367 F.3d 299, 303 (5th Cir. 2004).

We first ask whether the plaintiff alleges a violation of a constitutional right. *Hernandez ex rel. Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004). "Ordinarily, a state official has no constitutional duty to protect an individual from private violence." *McClendon v. City of Columbia*, 305 F.3d 314, 324 (5th Cir. 2002) (en banc) (per curiam) (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). Despite this general rule, the Supreme Court in *DeShaney* held that

where the state, through affirmative exercise of its powers, acts to restrain an individual's freedom to act through "incarceration, institutionalization, or other similar restraint of personal liberty," the state creates a "special relationship" between the individual and the state which imposes on the state a constitutional duty to protect that individual from danger, including, in some circumstances, private violence. *DeShaney*, 489 U.S. at 200. Many of our sister circuits have read language from *DeShaney* to imply a "state-created danger" exception to the private violence rule. *See, e.g.*, *Okin v. Village of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 434–35 (2d Cir. 2009); *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1306–07 (11th Cir. 2003); *Ruiz v. McDonnell*, 299 F.3d 1173, 1183–84 (10th Cir. 2002); *Butera v. District of Columbia*, 235 F.3d 637, 651 (D.C. Cir. 2001); *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066–67 (6th Cir. 1998); *Kneipp v. Tedder*, 95 F.3d 119, 1201, 1208 (3d Cir. 1996); *Reed v. Gardner*, 986 F.2d 1122, 1125 (7th Cir. 1993).

We, however, have "not yet determined whether a state official has a similar duty to protect individuals from state-created dangers." *McClendon*, 305 F.3d at 325. We have repeatedly declined to rule on whether the state-created danger theory applies in this Circuit, but have found that even if it did apply, it would not allow recovery for the plaintiff under the facts of the case at hand. *See, e.g., Hernandez ex rel. Hernandez*, 380 F.3d at 880 n.1; *McClendon*, 305 F.3d at 325–26; *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 312–15 (5th Cir. 2002) (en banc); *Morin v. Moore*, 309 F.3d 316, 321–24 (5th Cir. 2002); *Randolph v. Cervantes*, 130 F.3d 727, 731 (5th Cir. 1997).

Even if we had adopted the state-created danger theory in this Circuit, Appellant has failed to satisfy its elements. To recover under the state-created

danger theory, we assume the plaintiff would have to show "(1) the state actors created or increased the danger to the plaintiff and (2) the state actors acted with deliberate indifference." *McKinney*, 309 F.3d at 313. Deliberate indifference in the state-created danger context requires both that a state actor knew of an excessive risk to the victim's health or safety and disregarded that risk. *Beltran*, 367 F.3d at 307; *McClendon*, 305 F.3d at 326 n.8. "A state actor's actual knowledge is critical to the inquiry," thus "[a] state actor's failure to alleviate 'a significant risk that he should have perceived but did not,' while 'no cause for commendation,' does not rise to the level of deliberate indifference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Accepting his allegations as true, Appellant has not shown facts from which a reasonable jury could find that Geyer had actual knowledge of the risk created by leaving the shotgun loaded and off-safety in her unlocked bedroom. *See McClendon*, 305 F.3d at 326 (finding no deliberate indifference where the officer's actions were likely negligent but he was not specifically aware of the violent intentions of the informant to whom he had given a gun); *Morin*, 309 F.3d at 323 (finding no deliberate indifference where "the allegations in this case do not show specific knowledge of a harm to a known victim"). In this case, it is not enough to allege knowledge that the children were in the house and *could* acquire the shotgun. Appellant must allege knowledge that the children *would* acquire the shotgun. Therefore, even if the state-created danger theory applied in this Circuit, it would not apply to this case.

Because Appellant has failed to sufficiently allege a constitutional violation, the district court was correct to dismiss his suit. We therefore AFFIRM.